**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

DONNY RICHARDSON AND
MYRA RICHARDSON                                                                         PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 1:08-CV-00104-SA-JAD

GENERAL MOTORS CORPORATION, a foreign
corporation, and XYZ CORPORATIONS                                                       DEFENDANTS

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**

This cause is before the Court on Defendant's Motion for Summary Judgment [19]. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds that the Defendant's Motion for Summary Judgment [19] should be GRANTED.

**I.  Factual and Procedural Background**

Plaintiff Donny Richardson purchased a used 1997 Chevrolet pickup truck, VIN 1GCCS1444VK117814, from Brian Robinson. On February 20, 2005, Donny Richardson was driving his 1997 Chevrolet pickup truck on Coleman Road in Tishomingo County, Mississippi during a rainstorm when the windshield wipers on the truck stopped working, and Richardson lost control of the truck. Donny Richardson and his wife filed this lawsuit on February 19, 2008. Plaintiffs allege Defendant General Motors Corporation [GMC] is liable to them under theories of negligence, breach of implied warranties of fitness and merchantability, and strict liability in tort.

**II.  Summary Judgment Standard**

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV.

P. 56(C). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1983 Real Estate Partnership v. Cadle Co., 39 F. 3d 528, 531 (5th Cir. 1994) (internal citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morrison v. Covan World Wide Moving, Inc., 144 F. 3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. 2505. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(E). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548.

## III. Discussion

"A plaintiff bringing an action under strict liability, breach of warranty or negligence action under Mississippi law bears the burden of proving that the [injured] sustained actionable injury caused by the acts or omissions of the defendants." Washington v. Armstrong Indus., Inc., 839 F.2d 1121, 1123 (5th Cir. 1988) (citing Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 176 (5th Cir. 1985); Early-Gary, Inc. v. Walters, 294 So. 2d 181, 186 (Miss. 1974)). According to the Case Management Order entered in this case, Plaintiffs were to designate their experts by March 3, 2009. Plaintiffs have failed to designate an expert in this matter, and therefore, do not have the benefit of expert testimony or opinion in this case.

A.  Strict Liability

Plaintiffs claim damages are due under a strict liability theory based on the defective design of the windshield wiper motor. In an action alleging that a product is defective because of a design defect, the claimant must show that the product failed to function as expected, and that the alternative design would not impair the utility, usefulness, practicality, or desirability of the product to users or consumers. MISS. CODE ANN. § 11-1-63(f)(ii). Moreover, the feasible design alternative to an allegedly defective design is a prerequisite under this section. Hammond v. Coleman Co., 61 F. Supp. 2d 533 (S.D. Miss 1999), aff'd 209 F.3d 718 (5th Cir. 2000).

Without expert testimony, Plaintiffs are unable to meet their burden of proving the existence of a defect that existed when the windshield wipers left the control of GM. Further, without the benefit of an expert, Plaintiff cannot show that an alternative design or an alternative way of manufacturing the windshield wiper motor would have prevented their damages. Therefore, Defendant's motion for summary judgment is granted as to strict liability.

B.  Negligence

Plaintiffs contend that the Defendant's negligence in the design, manufacture, marketing, and assembly of the vehicle's windshield wiper motor proximately caused and resulted in Plaintiffs' damages. Because the Plaintiffs cannot establish causation by expert testimony and do contend that they could produce evidence of causation at trial, Plaintiffs have failed to carry their burden of proof as to their negligence cause of action. Under Celotex, this failure mandates summary judgment against Plaintiffs. 477 U.S. at 322, 106 S. Ct. 2548.

C.  Implied Warranties

Plaintiffs next contend that GM breached its implied warranties that the windshield wiper motor would be free of defects. As to the merchantability of the vehicle, the Mississippi Supreme Court has held that where a car has been driven over two years and more than 26,649 miles before the owner experienced any difficulty with it, there was no breach of implied warranty of merchantability as a matter of law. Ford Motor Co. v. Fairley, 398 So. 2d 216, 219 (Miss. 1981). Moreover, breach of warranty claims cannot be submitted to a jury without both proof of a defect and proof that such defect caused the injury. Bennett v. Madakasira, 821 So.2d 794, 809 (Miss. 2002); Crocker v. Sears, Roebuck & Co., 346 So.2d 921 (Miss. 1977).

Here, Plaintiff has not alleged and/or proved a specific defect in the windshield wiper motor which caused his injury. Further, Plaintiffs have failed to put forth any genuine issue of material fact regarding any defect in the windshield wiper motor or that a defect caused his injury. Therefore, Defendant's motion for summary judgment as to the breach of warranty causes of action is granted.

D.  Loss of Consortium

Plaintiff Myra Richardson's claim of loss of consortium is a derivative claim and therefore

survives or fails with her husband's claim. McCoy v. Colonial Baking Co., Inc., 572 So.2d 850 (Miss. 1990). Because the Court finds summary judgment is appropriate for all of Donny Richardson's claims against GMC, no further inquiry into his wife's claim is necessary. Accordingly, Defendant is entitled to summary judgment as to Plaintiff Myra Richardson's loss of consortium claim.

## IV. Conclusion

Plaintiffs have failed to put forth any genuine issues of material fact in order to proceed to trial. Thus, the Defendant's Motion for Summary Judgment is GRANTED. The Clerk of the Court is directed to CLOSE this case.

A separate order in accordance with this opinion shall issue forthwith.

SO ORDERED, this the 21st day of May, 2009.

s/ Sharion Aycock<br>
**UNITED STATES DISTRICT JUDGE**